Sun v. Barr

BIA
Vomacka, IJ
A205 631 399

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty.

PRESENT:
        JON O. NEWMAN,
        JOHN M. WALKER, JR.,
            *Circuit Judges.*[1]

_____

XIU LAN SUN,
        *Petitioner,*

        v.                                      18-424
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Mike P. Gao, Flushing, NY.

FOR RESPONDENT:        Chad A. Readler Acting Assistant
                       Attorney General; Russell J.E.
                       Verby, Senior Litigation Counsel;

---

[1] Judge Christopher F. Droney, who was originally assigned to the panel, retired from the Court, effective January 1, 2020, prior to the resolution of this case. The remaining two members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Lan Sun, a native and citizen of the People's Republic of China, seeks review of a February 6, 2018, decision of the BIA affirming a May 17, 2017, decision of an Immigration Judge ("IJ") denying Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Lan Sun,* No. A 205 631 399 (B.I.A. Feb. 6, 2018), *aff'g* No. A 205 631 399 (Immig. Ct. N.Y. City May 17, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76-77 (2d Cir. 2018). In making a credibility determination, the agency must "[c]onsider[] the totality of

2

the circumstances" and may base a finding on the applicant's "demeanor, candor, or responsiveness . . . , the inherent plausibility of the applicant's . . . account," inconsistencies in the applicant's statements or between her statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. As discussed below, substantial evidence supports the adverse credibility determination.

The IJ reasonably concluded that Sun's written statements and testimony offered varying accounts of her alleged persecution—that she was required to have an intrauterine device ("IUD") in 1986, have pregnancy checks thereafter, and was forced to have an abortion in 2004. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163–64, 166–67. In her written statements, Sun represented that she was required to have an IUD after she had her first child and when family planning officials discovered she was pregnant

3

with a second child, they "demanded" that she have an abortion and took her to an operating room where she underwent the procedure. But Sun testified that family planning officers restrained her while a nurse implanted her IUD, and a family planning officer held her down during her abortion. The IJ was not compelled to accept Sun's explanation that an attorney prepared the statement as it failed to account for the omission of the allegations of physical force, particularly as the IJ had explicitly requested a more detailed written statement. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005)("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks omitted)).

Similarly, Sun's written statements failed to mention her employment at a state-owned factory, much less any adverse workplace repercussions stemming from her abortion. In contrast, Sun testified that after her abortion, her salary was reduced, and she was targeted for disciplinary infractions. The IJ was not required to accept Sun's explanation that she did not know to include these facts and was entitled to rely on these omissions as they were direct

4

consequences of her violation of the family planning policy that a credible petitioner would be expected to disclose under the circumstances. *See id; Hong Fei Gao*, 891 F.3d at 78–79.

The IJ also reasonably concluded that aspects of Sun's testimony were implausible and more consistent with a voluntary abortion, given that she testified to lesser restrictions—birth control pills that she voluntarily ceased using without consequence rather than an IUD—after the abortion. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Siewe v. Gonzales,* 480 F.3d 160, 168-69 (2d Cir. 2007) ("[S]peculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts . . . in the light of common sense and ordinary experience."). Nor did the IJ err in relying on Sun's three voluntary returns to China prior to seeking asylum in the United States, as undermining Sun's fear of future harm. *See Kone v. Holder*, 596 F.3d 141, 150-51 (2d Cir. 2010) (holding that while "return trips alone are insufficient to establish lack of credibility," an IJ may consider them in connection with other findings).

The IJ also reasonably relied on Sun's lack of reliable corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence

5

of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ found, Sun had no employment or medical records to substantiate her claim. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of introducing [corroborating] evidence."). The IJ did not err in declining to credit the letter from Sun's mother as it did not mention the IUD or workplace issues or give any detail about the abortion, and it was from an interested witness not subject to cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to spouse's letter from China because it was unsworn and from an interested witness); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient support for claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012).

Given the variance among Sun's written statements and testimony, the implausible aspects of her claim, her multiple returns to China, and the lack of corroboration, the "totality

6

of the circumstances" supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```